2008 WY 158

**BOARD OF PROFESSIONAL RE-
SPONSIBILITY, WYOMING
STATE BAR, Petitioner,**

v.

**Cecil A. CUNDY, WSB Attorney
No. 5–1502, Respondent.**

**No. D–08–0001.**

Supreme Court of Wyoming.

Dec. 31, 2008.

ORDER SUSPENDING ATTORNEY FROM
THE PRACTICE OF LAW

[¶ 1]  **This matter** came before the Court upon a "Report and Recommendation for Discipline," filed herein November 26, 2008, by the Board of Professional Responsibility for the Wyoming State Bar.  After a careful review of the Board of Professional Responsibility's Report and Recommendation for Discipline, and the file, this Court finds that the Report and Recommendation should be approved, confirmed and adopted by the Court;  and that the Respondent, Cecil A. Cundy, should be suspended from the practice of law for a period of one year, with that period beginning on January 2, 2009.  It is, therefore,

[¶ 2]  **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Discipline, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court;  and it is further

[¶ 3]  **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Discipline, Respondent Cecil A. Cundy shall be, and hereby is, suspended from the practice of law for a period of one year, with that period of suspension beginning on January 2, 2009;  and it is further

[¶ 4]  **ORDERED** that during the period of suspension, Respondent shall comply with the requirements of the Disciplinary Code for the Wyoming State Bar, particularly the requirements found in Section 22 of the code;  and it is further

[¶ 5]  **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Cecil A. Cundy shall reimburse the Wyoming State Bar the amount of $149.37, representing the costs incurred in handling this matter, as well as pay an administrative fee of $2,500.00, by paying the total amount of $2,649.37 to the Clerk of the Board of Professional Responsibility, on or before February 15, 2009;  and it is further

[¶ 6]  **ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation, shall be published in the Wyoming Reporter and the Pacific Reporter;  and it is further

[¶ 7]  **ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Report and Recommendation, as a matter coming regularly before this Court as a public record;  and it is further

[¶ 8]  **ORDERED** that the Clerk of this Court transmit a copy of this Order Suspending Attorney from the Practice of Law to the members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

**DATED** this 30th day of December, 2008.

**BY THE COURT:**

/s/Barton R. Voigt
BARTON R. VOIGT
Chief Justice

**BEFORE THE BOARD OF PROFES-
SIONAL RESPONSIBILITY**

**WYOMING STATE BAR**

**STATE OF WYOMING**

*In the matter of Cecil A. Cundy, WSB
Attorney No. 5–1502, Respondent.*

*Docket Nos. 2007–119, 2007–137, 2007–138,
2008–09, 2008–10*

## REPORT AND RECOMMENDATION FOR DISCIPLINE

The Board of Professional Responsibility, after a disciplinary hearing held on 24 November 2008, makes the following Report and Recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### FINDINGS OF FACT

1. Respondent, Cecil A. Cundy, is an attorney licensed to practice law in Wyoming since 1976 and who practiced in Sundance, Wyoming.

2. By Order of the Court dated 21 February 2008, Respondent was suspended from the practice of law in Wyoming until 31 August 2008.

3. Prior to and after that suspension, the Wyoming State Bar attempted to contact Respondent in regard to the pending disciplinary matters; however, any efforts to communicate with Respondent were unsuccessful.

4. Richard Lipka entered an appearance for Respondent on 4 February 2008, but then withdrew since he also was unable to locate and/or communicate with Respondent. Lipka believed that Respondent had left the State.

5. On 21 March 2008, Lipka again entered his appearance for Respondent, but had no luck contacting or communicating with Respondent. Respondent had not returned to Wyoming.

6. To date, Respondent still has not returned to Wyoming or at least cannot be found in the State.

7. On 6 August 2008, the Formal Charge in this matter, Docket Nos.2007–119, 2007–137, 2007–138, 2008–09, 2008–10, was served on Respondent by certified mail, return receipt requested, pursuant to Section 11(e) of the Disciplinary Code.

8. No response to the Formal Charge was ever filed or served by Respondent.

9. On 29 August 2008, default was entered and the allegations in the Formal Charge were deemed admitted.

10. Information was provided by Respondent's counsel, Richard Lipka, that Respondent has had significant physical and psychological problems, but since Respondent has not provided access to his medical records or treatment, the extent of those problems is not known.

### Case 2007–119

11. In December 2006, Respondent represented Matt Kurtenbach in a criminal matter.

12. Respondent failed to appear on behalf of Kurtenbach at a Motion to Stay and a Bond hearing on 10 October 2007 before Judge Price.

13. Respondent also failed to file a Notice of Appeal as requested by Kurtenbach.

14. Rule 1.1 of the Wyoming Rules of Professional Conduct states: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation necessary for representation."

15. Respondent violated Rule 1.1 by failing to appear at the Motion to Stay and Bond hearing.

16. Rule 1.2 of the Wyoming Rules of Professional Conduct states in pertinent part: "[A] lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued."

17. Respondent violated Rule 1.2 by failing to file a Notice of Appeal as requested by Kurtenbach.

### Case 2007–137

18. On 30 October 2007, Respondent failed to appear for a bench trial before Judge Dollison.

19. Later on that day, Respondent went to the Judge's office and apologized for his failure to appear. The Judge told Respondent that he was going to report the situation to the Wyoming State Bar.

20. Later that day, Respondent failed to appear for a scheduling conference on another matter.

21. Respondent violated Rule 1.1 by failing to appear at the bench trial hearing and then at a scheduling conference on another matter.

### Case 2007–138

22. In early November 2007, Respondent failed to appear for a sentencing before Judge Kautz. Respondent called the Court during the hearing and represented to the Judge that he was going to file a motion to withdraw; however, no such motion was ever filed.

23. A second sentencing hearing was scheduled, but Respondent failed to appear for that hearing either.

24. Respondent violated Rule 1.1 by failing to appear at the first sentencing hearing and then at the rescheduling second sentencing hearing.

### Case 2008–09

25. On 7 December 2007, Respondent failed to appear in Circuit Court for the Sixth Judicial District, Campbell County, for a bench trial where he was to represent Jeremy Peek in a criminal matter. An Order to Show Cause was then issued by Judge Tharp on 7 December 2007.

26. On 18 January 2008, Respondent failed to appear in Circuit Court on that Show Cause Order as to why Respondent did not appear for his client's bench trial. Thereafter, a bench warrant was issued on 22 January 2008 for Respondent's arrest.

27. Respondent violated Rule 1.1 by failing to appear at the bench trial and the Show Cause Hearing.

### Case 2008–10

28. An "Affidavit of Probable Cause in Support of Information" was filed by the Crook County Attorney's office which detailed the arrest of Respondent on 23 January 2008 during which he disclosed that he was in possession of marijuana.

29. Rule 8.4(b) of the Wyoming Rules of Professional Conduct states: "It is professional misconduct for a lawyer to engage in conduct that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

30. Respondent violated Rules 8.4(b) by his admission that he possessed marijuana which is a criminal offense.

### CONCLUSIONS OF LAW

31. Standard 4.52 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a suspension for violations of Rule 1.1: "Suspension is generally appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent, and causes injury or potential injury to a client."

32. Standard 4.42 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a suspension for violations of Rule 1.2:

"Suspension is generally appropriate when:

    a. a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or

    b. a lawyer engages in a pattern of neglect causes injury or potential injury to a client."

33. Standard 5.12 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a suspension for violations of Rule 8.4(b): "Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice."

34. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consider-

ation, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. Applicable aggravating factors in this case are:

i. Section 9.22(d)—multiple offenses;

ii. Section 9.22(e)—bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency; and

ii. Section 9.22(i)—substantial experience in the practice of law.

b. Applicable mitigating factors in this case are:

i. Section 9.32(a)—absence of a prior disciplinary record; and

i. Section 9.32(c)—personal or emotional problems.

## RECOMMENDATION TO THE SUPREME COURT OF WYOMING

35. As an appropriate sanction for his violations of Rules 1.1, 1.2, and 8.4(b) of the Wyoming Rule of Professional Conduct, the Board of Professional Responsibility recommends that Respondent:

A. Be suspended from the practice of law for one year and comply with the requirements of Section 22 of the Disciplinary Code for the Wyoming State Bar.

B. Pay costs of the five cases in the amount of $149.37 no later than February 1, 2009, and

C. Pay the administrative fees for the five cases of $2500.00, no later than February 1, 2009.

This decision regarding the recommendation for sanctions is unanimously made by a quorum of the Board of Professional Respon-

sibility. It is therefore so recommended November 25, 2008.

/s/Joe M. Teig
Joe M. Teig, Chair
Board of Professional Responsibility

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the Report and Recommendation For Discipline was mailed by United States Mail, Certified Mail Return Receipt Requested, postage prepaid, on the 26th day of November 2008 to the following individual:

Cecil A. Cundy

Cundy Law Office

Sundance Mountain

P.O. Box 519

Sundance, WY 82729–0519

was mailed by United States Mail, postage prepaid, to the following individual:

Richard B. Lipka

Lipka and Associates, PC

610 South Gillette Avenue

Gillette, WY 82716

was hand delivered to the following individual:

Rebecca A. Lewis, Bar Counsel

Wyoming State Bar

P.O. Box 109

Cheyenne, WY 82003

/s/Patricia F. Becklinger
Patricia F. Becklinger, Clerk
Board of Professional Responsibility
Wyoming State Bar
P.O. Box 109
Cheyenne, WY 82003–0109